UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MONICA VASQUEZ, | § § § |
| Plaintiff, | § § |
| v. | §  EP-22-CV-00349-FM § § |
| MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION[1], | § § § § |
| Defendant. | § § |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Before the court is "Plaintiff's Objections to Report and Recommendation" [ECF No. 22], filed March 4, 2024, by Monica Vasquez ("Plaintiff"). Therein, Plaintiff objects to United States Magistrate Judge's recommendation that the Commissioner's decision be affirmed.[2] For the following reasons, Plaintiff's objections are overruled, and the report and recommendation (R&R) is adopted in full.

After being served with a copy of a magistrate's proposed findings and recommendations, a party has fourteen days to file any written objections.[3] Failure to object results in "plain error" review of the magistrate's findings.[4] If objections are timely filed, the referring district judge shall

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit.

[2] "Plaintiff's Objections to Report and Recommendation" 1, ECF No. 22, filed Mar. 4, 2024.

[3] 28 U.S.C. § 636(b)(1).

[4] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996).

make *de novo* determinations of the objected to portions of the report.[5] Upon completion of review, the district judge may accept, reject, or modify, in whole or in part, the findings or recommendations.[6]

Pursuant to the statute, following timely filed objections, the court has conducted a *de novo* review. The Plaintiff objects to the Magistrate Judge's analysis that the Administrative Law Judge (ALJ) did not rely solely on her lay interpretation of raw medical data to formulate the residual functional capacity (RFC) assessment and that the RFC accounted for Plaintiff's gastrointestinal impairment.[7] Put another way, the Plaintiff argues that there is no medical data outlining the functional limitations of her disability; therefore, the ALJ can only have reached her conclusions by way of personal lay opinion.[8] Further simplified, the Plaintiff is arguing that an ALJ can make RFC determinations *solely* on the basis of medical expert opinions on medical data, because an ALJ cannot interpret raw medical findings without it being their personal lay opinion.

When reviewing the Commissioner's final decision, we look to whether the decision was supported by substantial evidence on the record and whether the Commissioner applied the proper legal standards.[9] Plaintiff's objections boil down to a challenge to the record, that the evidence in the record did not support the decision except for the ALJ's personal lay opinion.[10] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a

---

[5] 28 U.S.C. § 636(b)(1).

[6] *Id.*

[7] "Plaintiff's Objections to Report and Recommendation" 2, ECF No. 22, filed Mar. 4, 2024.

[8] *Id.* at 3.

[9] *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

[10] "Plaintiff's Objections to Report and Recommendation" 6, ECF No. 22, filed Mar. 4, 2024 ("The RFC is not supported by substantial evidence and the record is not fully developed").

2

reasonable mind might accept as adequate to support a conclusion."[11] In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," but it may not "try the issues de novo" or "reweight the evidence."[12] "Procedural perfection in administrative proceedings is not required."[13]

With this standard in mind, the United States Magistrate was correct in his recommendation that "[t]he ALJ did not improperly rely upon raw medical data in formulating the RFC." There was substantial evidence in the record to support the ALJ's RFC decisions. The Plaintiff states that the ALJ "rightly rejected those opinions [state agency opinions]."[14] This is incorrect. The ALJ considered the state agency opinions and did not outright reject them. The R&R highlights that the ALJ considered the examinations conducted by the state agency consultants.[15] The ALJ considered and scrutinized the state agency opinions when she found "the consultants' findings are not supported by the entirety of the record, showing more than minimal limitations caused by the claimant's gastrointestinal conditions."[16]

In addition, the ALJ considered the Plaintiff's medical records from early March 2021 and the Plaintiff's testimony. It is important to keep in mind, "[p]rocedural perfection in administrative proceedings is not required."[17] While reasonable minds may disagree on the usefulness of

---

[11] *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015).

[12] *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

[13] *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

[14] "Plaintiff's Objections to Report and Recommendation" 3, ECF No. 22, filed Mar. 4, 2024.

[15] "Report and Recommendation" (R&R) 8, ECF No. 21, filed Feb. 21, 2024.

[16] *Id.*

[17] *Mays*, 837 F.2d at 1364.

additional medical opinions, there is enough evidence in the record to meet the "substantial evidence" standard.

It is also important to keep in mind, "an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability."[18] The claimant bears this burden through the first four steps, after which the burden shifts to the Commissioner to meet the fifth and final step.[19] The RFC is determined by the ALJ between steps three and four.[20] Meaning, the claimant bears the burden during the RFC determination. If the Plaintiff believes medical opinion evidence needed to be in the record for the RFC determination, then she should have provided it. The court's review today is the determination of whether what was in the record at the time met the "substantial evidence" standard. Accordingly,

1. It is **HEREBY ORDERED** that "Plaintiff's Objections to Report and Recommendation" [ECF No. 22] are **OVERRULED**.

2. It is **FURTHER ORDERED** that the "Report and Recommendation" of United States Magistrate Judge Miguel Torres is **APPROVED** and **ADOPTED** in full.

3. It is **FURTHER ORDERED** in accordance with the Report and Recommendation that the decision of the Commissioner is **AFFIRMED**.

**SIGNED AND ENTERED** this _19_ day of **March 2024.**

*signature*

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[18] *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

[19] *See Guillen v. Astrue*, 584 F. Supp. 2d 930, 934 (W.D. Tex. 2008) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989)).

[20] *See* 20 C.F.R. § 404.1520(e).